**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Michael A Garner,

        Petitioner,

v.

Mark Gutierrez,

        Respondent.

No. CV-25-00017-TUC-RM (JR)

**REPORT & RECOMMENDATION**

Before the Court is Petitioner Michael A Garner's ("Petitioner") Petition Under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in Federal Custody ("Petition"). (Doc. 1.) Respondent filed Respondent's Return and Answer to Petition For a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Answer"). (Doc. 14.) Petitioner filed his reply. (Doc. 19.) Pursuant to Local Rules 72.1 and 72.2 of the Local Rules of Civil Procedure, this matter was referred to United States Magistrate Judge Jacqueline Rateau for Report and Recommendation. (Doc. 5.)

As more fully set forth below, the undersigned recommends that the district court, after independent review of the record, dismiss the Petition.

## I.    BACKGROUND[1]

### 1.   Court-Martial Proceedings

On April 26, 2008, a general court-martial with members found Petitioner guilty of

---

[1] Unless otherwise indicated all factual references are taken from exhibits attached to Respondent's Answer.

rape, forcible sodomy, indecent assault of his biological daughter, possessing child pornography, desertion, and disobeying a no-contact order in violation of Articles 120, 125, 134, 85, and 90 of the Uniform Code of Military Justice (UCMJ). 10 U.S.C. §§ 920, 925, 934, 885, 890 (2006). (*See* Doc. 14-1.) Petitioner was sentenced to be reduced to the grade of E-1; to forfeiture of all pay and allowances; to be confined for life; and to be dishonorably discharged from the service. (*See* Doc. 14-11 at 4.)

### 2. Military Appeals

On December 16, 2010, Petitioner filed an appellant brief and *Grostefon*[2] brief to the United States Army Court of Appeals ("ACCA"). (Docs. 14-2, 14-3.) Petitioner's *Grostefon* brief made several claims: ineffective assistance of counsel ("IAC") for failure to thoroughly investigate and present certain witnesses, error by the trial court in admitting certain testimony, and error in the court's failure to suppress a search. (*See* Doc. 14-2.) Petitioner's appellant brief claimed IAC for failure to present sentencing evidence and sufficiency of the evidence for Charge III pertaining to viewing or possessing child pornography. (*See* Doc. 14-3.)

On November 29, 2011, the ACCA affirmed the findings with regard to the IAC claims, as well as the sufficiency of Charge III, and the sentence. *United States v. Garner*, No. ARMY 20020401, 2011 WL 6088629 (A. Ct. Crim. App. Nov. 29, 2011); *see also* (Doc. 14-10.)

On June 4, 2012, Petitioner filed an appellant brief to the United States Court of Appeals for the Armed Forces ("CAAF"), alleging the trial court erred by failing to give a sentencing instruction upon reconsideration. (Doc. 14-6.) On January 8, 2013, the CAAF affirmed the ACCA's decision except as to the finding of guilt as to Specification 1 of Charge III, Indecent Assault, which the CAAF reversed, and as to the sentence. (Doc. 14-7.) The CAAF found that Specification 1 of Charge III failed to state an offense and remanded the case to the ACCA for further consideration and resentencing. (*Id.*)

---

[2]    *United States v. Grostefon*, 12 M.J. 431, 436-37 (1982), "allows an appellant to raise matters independent of the brief filed by his counsel on his behalf but does not require those matters to be briefed." *Threats v. Howard*, 2023 WL 8112601, at *2 (D. Ariz. March 24, 2023).

On February 22, 2013, the ACCA set aside and dismissed its finding of guilt as to Specification 1 of Charge III. (Doc. 14-8 at 2.) The ACCA stated, "reassessing the sentence on the basis of the error noted, the entire record, and in accordance with the principles of *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986) and *United States v. Moffeit*, 23 M.J. 40 (C.A.A.F. 2006)…the court affirms the sentence." (*Id.*)

### 3.  2022 Petition for Writ of Habeas Corpus

On January 14, 2022, Petitioner filed a Petition for Writ of Habeas Corpus in this Court alleging that his sentences should be vacated based on newly discovered mitigating evidence of metal illness that trial counsel withheld during the sentencing phase of the court-martial. *See Garner v. Colbert*, 2022 WL 21747982, at *3 (D. Ariz. Oct. 20, 2022.) On October 20, 2022, this Court dismissed that petition because it found Petitioner failed to raise the claim in his military proceedings, and he could not establish cause and prejudice excusing the waiver. *Id.* at *7. Petitioner appealed the dismissal to the United States Court of Appeals for the Ninth Circuit. The Ninth Circuit affirmed the Court's findings holding that Petitioner waived his claim and the Court did not abuse its discretion by denying that petition without an evidentiary hearing. *Garner v. Colbert*, 2024 WL 3311137, at *1-2 (9th Cir. July 5, 2024).

### 4.  Petition, Answer, and Summary of Conclusion

Petitioner now seeks relief on one ground, namely, that he is actually innocent of the charges of which he was convicted. (Doc. 1 at 6.) Petitioner alleges that there is no physical or medical evidence which would support his conviction. (*Id.* at 6-7.) Petitioner requests the District Court find him innocent of the charges and grant him immediate release. (*Id.* at 8.)

Respondent seeks dismissal of the Petition on three grounds: (1) that the Petition is an abuse of writ; (2) that Petitioner's claim is waived; and (3) that Petitioner's claim was given full and fair consideration by the military courts. (Doc. 14 at 2.) In sum, Respondent argues that Petitioner does not present a claim that is reviewable by the Court and therefore the Petition should be denied. (*Id.*)

As more fully set forth below, this Court finds Petitioner has failed to raise a constitutional claim for which relief may be granted, the Petition is an abuse of writ, and Petitioner's claim of actual innocence is procedurally barred.

## II.    LEGAL STANDARD

### 1.  District Court Review of Court-Martial Proceedings is Strictly Limited

The plaintiff bears the burden of establishing the propriety of the court's jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673 (1994). "Title 28 U.S.C. § 2241 'vests federal courts with jurisdiction over applications for habeas corpus from persons confined by the military courts.'" *Johnson v. Rodriguez*, 2022 WL 2119136, at *2 (C.D. Cal. Apr. 27, 2022), *report and recommendation adopted*, 2022 WL 2866671 (C.D. Cal. July 20, 2022) (quoting *Burns v. Wilson*, 346 U.S. 137, 139 (1953)). "Servicemen who were convicted and sentenced by courts-martial may file habeas petitions in the district in which they are in custody." *Johnson*, 2022 WL 2119136, at *2 (citing *Hubbard v. United States*, 7 F.4th 1228, 1231 (9th Cir. 2021)). "Court-martials 'are thus collaterally reviewable for constitutional or jurisdictional error.'" *Johnson*, 2022 WL 2119136, at *2 (quoting *Davis v. Marsh*, 876 F.2d 1446, 1448 (9th Cir. 1989)).

Habeas review is limited, however, if the petitioner is in custody pursuant to a judgment imposed by a military court-martial. *Erickson v. Shartle*, 2019 WL 1921596 (D. Ariz. Apr. 30, 2019), *affirmed*, *Erickson v. von Blanckensee*, 2021 WL 5399871 (9th Cir. Nov. 16, 2021) (citing *Burns*, 346 U.S. at 139-42). Military law is a separate area of jurisprudence with its own specialized system of rights and procedures. *Burns*, 349 U.S. at 139-42. Civilian courts must show deference to "the fair determination of the military tribunals," whose decisions are "'final' and 'binding' upon all courts." *Id.* at 142. "[W]hen a military decision has dealt fully and fairly with an allegation raised in [an] application [for habeas corpus], it is not open to a federal civil court to grant the writ simply to re-evaluate the evidence." *Id*.

The 10th Circuit[3] has set forth four specific requirements that must be met for a

---

3    Because of the presence of the military prison in Fort Leavenworth, Kansas, considerable attention to this area of law exists in the 10th Circuit.

collateral attack of a military conviction to proceed on the merits in a district court:

> (1) the asserted error is of substantial constitutional dimension; (2) the issue is one of law rather than of disputed fact already determined by the military tribunal; (3) there are no military considerations that warrant different treatment of constitutional claims; and (4) the military courts failed to give adequate consideration to the issues involved or failed to apply proper legal standards.

*Lips v. Commandant, U.S. Disciplinary Barracks,* 997 F.2d 808, 811 (10th Cir. 1993) (citing *Dodson v. Zelez*, 917 F.2d 1250 (10th Cir. 1990)). "[Factor One] is important, however, as a reminder that we will only review habeas corpus petitions from the military courts that raise substantial constitutional issues." *Roberts v. Callahan*, 321 F.3d 994, 997 (10th Cir. 2003). Petitioner must meet each of these requirements for this Court to consider the merits of his case. *Id*. at 996-97.

### 2. Failure to Exhaust Remedies Further Limits Scope of Review

If a petitioner fails to raise an issue before the military courts of appeal, it is waived and barred from review absent a showing of cause and prejudice. *Davis*, 876 F.2d at 1448. *Davis* held, "[w]hile the analogy between the military justice system and a state court system is not perfect, the two are sufficiently congruent to justify adopting an identical waiver rule." *Id*. at 1450. "The *Wainwright-Frady-Engle*[4] line of cases recognizes that if there is good cause for not having advanced the particular matter relied on in the federal collateral habeas corpus proceeding at trial, and there is actual prejudice, then federal relief may be available." *Wolff v. United States*, 737 F.2d 877, 880 (10th Cir. 1984).

To establish cause required to overcome a procedural bar to federal habeas review, a "petitioner must assert that the procedural default is due to an objective factor that is external to the petitioner and that cannot fairly be attributed to him." *Manning v. Foster*, 224 F.3d 1129, 1133 (9th Cir. 2000) (citing *Coleman v. Thompson*, 501 U.S. 722, 753 (1991)) (additional citation omitted). Cause is demonstrated when a petitioner establishes that "some external impediment prevent[ed] counsel from constructing or raising the

---

4     *Wainwright v. Sykes*, 433 U.S. 72 (1977); *United States v. Frady*, 456 U.S. 152 (1982); *Engle v. Isaac*, 456 U.S. 107 (1982).

claim." *Murray v. Carrier,* 477 U.S. 478, 479 (1986). In addition to establishing cause, a petitioner must also show "'actual prejudice' resulting from the errors of which he complains." *United States v. Frady*, 456 U.S. 152, 168 (1982). This requires "a reasonable probability that, absent errors, the factfinder would have had a reasonable doubt respecting guilt." *Strickland v. Washington*, 466 U.S. 668, 695 (1984).

The Supreme Court has recognized, however, that "the cause and prejudice standard will be met in those cases where review of a state prisoner's claim is necessary to correct 'a fundamental miscarriage of justice.'" *Coleman*, 501 U.S. at 748 (quoting *Engle v. Isaac*, 456 U.S. 107, 135 (1982)). "The fundamental miscarriage of justice exception is available 'only where the prisoner supplements his constitutional claim with a colorable showing of factual innocence.'" *Herrara v. Collins*, 506 U.S. 390, 404 (1993) (emphasis in original) (quoting *Kuhlmann v. Wilson*, 477 U.S. 436, 454 (1986)). Thus, "'actual innocence' is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." *Herrara*, 506 U.S. at 404; *see also Schlup v. Delo*, 513 U.S. 298, 315 (1995). Petitioner must establish new facts that "raise[ ] sufficient doubt about [his] guilt to undermine confidence in the result of the trial without the assurance that that trial was untainted by constitutional error." *Schlup*, 513 U.S. at 317; *see also Narula v. Yakubisin*, 650 Fed. App'x 337 (9th Cir. 2016).

## III.    ANALYSIS

Petitioner's sole claim for relief is that he is "actually innocent" of the charges against him. (Doc. 1 at 6.) As discussed in Section II, *supra*, habeas relief is available only to those alleging a constitutional violation. *Herrara*, 506 U.S. at 404; *see also Schlup*, 513 U.S. at 315. Here, Petitioner has not explicitly alleged any constitutional violation in his Petition (*see* Doc. 1) and has failed to establish new facts that "raise[ ] sufficient doubt about [his] guilt to undermine confidence in the result of the trial without the assurance that that trial was untainted by constitutional error." *Schlup*, 513 U.S. at 317; *see also Narula*, 650 Fed. App'x 337. As such, the Petition (Doc. 1) should be dismissed. The Court

will, however, give Petitioner's claims their broadest construction and address each supporting argument in turn.

**1. Petitioner does not raise a substantial constitutional issue, and his factual allegations were fully and fairly considered by the military courts**

It is the limited function of the civil courts to determine whether the military have given fair consideration to each of [Petitioner's] claims." *Burns*, 346 U.S. at 144, (citations omitted). The Court "will entertain military prisoners' claims if they were raised in the military courts and those courts refused to consider them." *Watson v. McCotter*, 782 F.2d 143, 145 (10th Cir. 1986). However, "when an issue is briefed and argued before a military board of review, we have held that the military tribunal has given the claim fair consideration[.]" *Id*. As such, "when a military decision has dealt fully and fairly with an allegation raised in that application, it is not open to a federal civil court to grant the writ simply to re-evaluate the evidence." *Burns*, 346 U.S. at 142 (citing *Whelchel v. McDonald*, 340 U.S. 122, 71 S. Ct. 146, 95 L. Ed. 141 (1950)); *see also Roberts*, 321 F.3d at 995; *Lips*, 997 F.2d  at 808, 810, 811.

Here, Petitioner asserts that he is actually innocent of the crimes for which he was convicted, but does not argue a specific substantial constitutional error or legal issue occurred as required for civil court review under *Dodson*, but instead makes the following factual allegations:

1. His son "D.G." and Petitioner's biological daughter "S.G.," the victim, were in a sexual relationship;

2. D.G. and S.G. had sexual encounters on the Petitioner's blue and white comforter in Petitioner's residence;

3. Semen detected on the blue and white comforter did not positively identify Petitioner as the contributor;

4. Evidence obtained from the comforter "more likely than not" proves Petitioner's innocence;

5. Petitioner has never confessed to any sexual acts with S.G., while D.G. and S.G.

continue to engage in sexual activities per phone conversations between Petitioner and D.G. as recently as 2022;

6. No physical or medical evidence of sexual intercourse between Petitioner and S.G. exists.

(*Id.* at 6-7.)

Attached to the Petition is a February 25, 2008 motion in limine filed by Petitioner's trial defense counsel and the corresponding military court order titled "Supplemental Findings and Ruling on Defense Motion *in Limine* to Introduce MRE 412 Evidence." (Doc. 1-1 at 1-7.) Upon motion by Petitioner's defense counsel, the Military Court made the following findings of fact by a preponderance of the evidence:

a. [S.G.] and [D.G.] engaged in sexual acts including oral sex and intercourse.

b. At least some of the sexual acts between [S.G.] and [D.G.] occurred on the blue and white comforter that was seized from [Petitioner's] quarters.

c. There are five semen stains on the comforter that could be derived from [Petitioner] or from [D.G.].

d. It is not possible to tell from the DNA testing conducted on the comforter whether [Petitioner] or [D.G.] contributed to these five semen stains as both their DNA is present in the mixed sample.

(*See id.* at 1-2.)

As such, assuming arguendo that Petitioner's factual claims imply a constitutional error, the military courts fully and fairly considered such claims by allowing Petitioner to introduce evidence supporting those claims during the court martial proceedings, making a finding of fact regarding those factual claims, and considering those same facts during Petitioner's appeal process. (Docs. 1-1 at 1-7, 14-2 at 8 n.3.) Accordingly, the record clearly supports a finding that Petitioner "enjoyed the hallmark of full and fair consideration on the issue he now brings in [the Petition]." *Threats v. Howard*, 2023 WL 8112601, at *8 (D. Ariz. Mar. 24, 2023.)

Therefore, the undersigned recommends that the district court dismiss the Petition

as the Petitioner's claims were fully and fairly considered by the military courts.

### 2. Petitioner's claim is unexhausted and should be rejected as procedurally barred

In his appeal before the Army Court of Criminal Appeals, Petitioner raised two issues for review. *Garner*, 2011 WL 6088629, at *1-3. First, Petitioner argued that "his trial defense counsels' performance was deficient in the pre-sentencing phase of his court-martial because they called no witnesses and presented no documentary evidence." *Id*. at *1. Second, Petitioner argued that "he was convicted of possessing unlawful 'images of children' when in fact all 59 of the charged images were of the same child." *Id*. at *2. Additionally, the Army Court of Criminal Appeals, *sua sponte*, considered whether "Specification 1 of Charge III fail[ed] to specifically allege at least one of the three clauses commonly referred to as the 'terminal element' of Article 134." *Id*. (footnote omitted).

In his subsequent appeal to the Court of Appeals for the Armed Forces, that court considered whether the military judge erred in failing to give a reconsideration instruction to the members after examining the members' completed initial sentence worksheet, finding it ambiguous, and returning the members for further deliberations. *United States v. Garner*, 71 M.J. 430, 431 (C.A.A.F. 2013). The armed forces appellate court also considered whether the failure to allege the terminal element in Specification 1 of Charge III was prejudicial error. *Id*. As mentioned above, the armed forces court of appeals returned the record to the Judge Advocate General of the Army for remand to the Army Court of Criminal Appeals for further consideration. *Id*. On remand, the Army Court of Criminal Appeals set aside and dismissed the guilty finding on Specification 1 of Charge III and affirmed Petitioner's sentence. *United States v. Garner*, 2013 WL 777395, at *1 (C.A.A.F. Feb. 22, 2013).

In light of the foregoing, the Court finds the record is clear that the claim alleged in this Petition—that Petitioner is actually innocent of the crime for which he was convicted due to the sufficiency of the evidence—was not raised in the military courts below. In order for this Court to have jurisdiction over the claim alleged in the instant Petition, Petitioner

must establish cause and actual prejudice for his failure to raise the claim below in his military proceedings. *Davis*, 876 F.2d at 1448-50 (applying the analogous waiver doctrine from habeas petitions originating in state court to those originating from a military conviction). In his Reply, Petitioner fails to establish that cause and actual prejudice exist such that this Court may consider the merits of his claim. Instead, Petitioner makes the conclusory argument that his ongoing assertion of innocence is reason enough for this Court to consider the Petition. (Doc. 19 at 8.)

Here, Petitioner does not allege any external impediment which might have caused him from raising the immediate claim during his military appeal and therefore has failed to establish the requisite cause for this Court to excuse his procedural default. *Murray*, 477 U.S. at 497. Accordingly, the undersigned recommends the district court dismiss the Petition as procedurally barred.

### 3. The Petition abuses the writ

"The doctrine of abuse of writ defines the circumstances in which federal courts decline to entertain a claim presented for the first time in a second of subsequent petition for a writ of habeas corpus." *McClesky v. Zant*, 499 U.S. 467, 470 (1991). While the second or successive habeas petition prohibitions of 28 U.S.C. § 2244 may not apply to military prisoners convicted by a general court martial such as petitioner, the Supreme Court determined that "Congress did not intend § 2244(b) to foreclose application of court-announced principles defining and limiting a district court's discretion to entertain abusive petitions." *Threats*, 2023 WL 8112601, at *6 (quoting *McClesky*, 499 U.S. at 487). Accordingly, "Under the common law 'abuse of the writ' doctrine, a court need not entertain a petition that abuses the habeas process." *Esposito v. Ashcroft*, 392 F.3d 549, 550 (2d Cir. 2004).

"[A] petitioner can abuse the writ by raising a claim in a subsequent petition that he could have raised in his first, regardless of whether the failure to raise it earlier stemmed from a deliberate choice." *McClesky*, 499 U.S. at 489; *see also James v. Walsh*, 308 F.3d 162, 167 (2d Cir. 2002) (same); *Esposito*, 392 F.3d at 550 ("One frequently recognized

indicator of abusiveness is whether the petitioner could have asserted his present claims in his prior petition."); *Delo v. Stokes*, 495 U.S. 320, 321-22 (1990) (holding claims raised for the first time in a fourth federal habeas petition abused the writ because they "could have been raised" or "developed" in the first federal habeas petition); *Kuhlmann*, 477 U.S. at 444 n.6 (petition that raises grounds "available but not relied upon in a prior petition" is an example of abuse of the writ); *Straight v. Wainwright*, 476 U.S. 1132, 1133 (1986) (Powell, J., joined by three Justices, concurring in denial of stay) (new arguments in second petition that "plainly could have been raised earlier" constitute abuse of the writ); *Rose v. Lundy*, 455 U.S. 509, 521 (1982) (plurality opinion) (prisoner who proceeds with exhausted claims in first federal petition and deliberately sets aside his unexhausted claims risks dismissal of subsequent federal petitions).

Here, despite the ability to do so, Petitioner failed to raise his current claim in his first habeas petition to this Court. *See Garner,* 2022 WL 21747982. The record reflects Petitioner was aware of the factual basis for his immediate Petition at the time he filed his 2022 habeas petition because, as discussed above, these same factual assertions were made by his Counsel in front of the military court as early as February 2008, the military court considered and made a factual finding regarding these assertions in 2009, and the same or similar claims were brought up during his military appeal. (Docs. 1-1 at 1-7, 14-2 at 8.) Accordingly, the undersigned alternatively recommends that the Petition be dismissed as an abuse of the writ.

## MOTION TO APPOINT COUNSEL

Indigent prisoners applying for habeas corpus relief "are not entitled to appointed counsel unless the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations." *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986). However, the Court has discretion to appoint counsel when "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B).

Here, Petitioner has not shown, and nothing in the record indicates, appointment of counsel will be necessary to prevent due process violations in the immediate matter, nor

that the interests of justice compel the court to so order. Accordingly, the undersigned recommends the district court deny Petitioner's motion.

## RECOMMENDATION

The Magistrate Judge **RECOMMENDS** that the district court, after its independent review, issue an order **ADOPTING** this Report and Recommendation and **DENYING** the Petition (Doc. 1) and **DENYING** the Petitioner's Motion to Appoint Counsel (Doc. 21).

Pursuant to Federal Rule of Civil Procedure 72(b)(2), any party may serve and file written objections within fourteen days of being served with a copy of the Report and Recommendation. A party may respond to the other party's objections within fourteen days. No reply shall be filed unless leave is granted by the district court. If objections are not timely filed, they may be deemed waived. Failure to file timely objections to any factual or legal determination of the Magistrate Judge may be considered a waiver of a party's right to *de novo* consideration of the issues. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). If objections are filed, the parties should use the following case number: **CV-25-17-RM**.

Dated this 7th day of April, 2026.

Honorable Jacqueline M. Rateau
United States Magistrate Judge

- 12 -